REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
In your letter of February 4, 1981, you ask our opinion as to the constitutionality of LB 245 and whether such proposed legislation constitutes an impermissible interference with the discretion of the Board of Regents to govern the University of Nebraska. LB 245 contains an appropriation and a direction to the University of Nebraska at Lincoln to proceed with plans for the building of a College of Veterinary Medicine.
Article VII, Section 10, of the Nebraska Constitution provides in part that, `The general government of the University of Nebraska shall, under the direction of the Legislature, be vested in . . . the Board of Regents. . . . Their duties and powers shall be prescribed by law.' In your letter you make reference to the case of Board of Regentsv. Exon, 199 Neb. 146, 256 N.W.2d 330 (1977), in which the court stated in reference to this constitutional provision that:
 We think it is clear that the purpose of the constitutional provision was to remove the University from the plenary control of the Legislature and establish the Board of Regents as an independent body charged with the power and responsibility to manage and operate the University as free from political influence and control as possible.
Id. at 148.
The court in addition stated that:
 The Legislature cannot use an appropriation bill to usurp the powers or duties of the Board of Regents and to give directions to the employees of the University. The general government of the University must remain vested in the Board of Regents. In prescribing the powers and duties of the Regents a legislative act must not be so detailed and specific in nature as to eliminate all discretion and authority on the part of the Regents as to how a duty shall be performed.
Id. at 149.
Before giving an overly broad construction to the case of Board of Regents v. Exon, it is necessary to examine the context in which that decision was rendered. In that case the primary dispute involved an appropriations bill which contained numerous statements directing the Board of Regents and, in addition, directing employees of the University, to take certain actions. In this regard the Supreme Court noted that:
 The trial court held that the statements in these bills which did not constitute an appropriation of funds were advisory only and not mandatory and that the Legislature was without authority to direct employees of the University. Although the defendants did not challenge this finding in their assignments of error, we have considered it and agree that it is correct.
Id. at 149. From these statements it seems clear only that the attempt to direct employees of the University was an impermissible interference with the Board of Regents' power to govern the University. This, of course, is not the situation with LB 245 which merely gives direction to the Board of Regents.
The court also said in Board of Regents v. Exon,supra, that `the Legislature may add to or subtract from the powers and duties of the Regents,' even though the general government of the University must remain vested in the Board of Regents. An apparent example of this constitutional authority of the Legislature to alter the duties of the Board of Regents is found in State v. Whitmore,85 Neb. 566, 123 N.W. 1051 (1909), in which the court upheld the authority of the Legislature to direct the Board of Regents to establish an experimental agricultural station. This case was, of course, not overruled by the Exon decision.
It is not clear from Exon or any other case, however, what precisely constitutes the `duties' of the Board of Regents. It thus seems entirely possible that the Legislature could amend the duties of the Board of Regents to include the building of a College of Veterinary Medicine. It is not clear, however, that this is the actual intent of LB 245, despite the language which states that, `The University of Nebraska at Lincoln shall cause plans, working drawings, and specifications to be prepared for building a College of Veterinary Medicine.' Certainly discretion is granted to the Board of Regents as to the method by which this directive may be carried out and in this regard such a proposed addition to the duties of the Board of Regents would not appear to be in direct conflict with the decision of Board ofRegents v. Exon. It should be noted, though, that LB 245 contains no direct language which would alter the existing statutory duties of the Board of Regents in governing the University of Nebraska. In particular, we note Neb.Rev.Stat. § 85-107 (Reissue 1976) which states that the University of Nebraska may embrace, among other colleges, a College of Veterinary Medicine and Surgery. In this regard the Board of Regents has considerable existing discretion and latitude in determining the actual courses of study to be offered at the University. Thus, without amendments to the existing statutory language, it would seem entirely possible that it is within the power of the Board of Regents to refuse to expend monies as appropriated in LB 245, if it deemed this expenditure not to be in the best interest of the University.
This office has consistently maintained the position that the inclusion in appropriations bills of language which is intended to direct or control decisions of administrative or executive branches of the government is constitutionally improper under Article III, Section 14, of the Nebraska Constitution which prohibits bills containing more than one subject. If in fact LB 245 is an attempt to prescribe new duties or alter existing duties of the Board of Regents, and the directory language is certainly rather strongly worded, the bill would be unconstitutional for this reason alone. There is no question that it is an appropriations bill.
This is not to say that legislation could not be drafted limiting the use of appropriations to the University of Nebraska for a specific purpose. In the case of Stateex rel. Meyer v. State Board of Equalization Assessment,185 Neb. 490, 176 N.W.2d 920 (1970), the court made it clear that the Legislature does have the power to place limits on an appropriation. This fact was also conceded by the parties in Board of Regents v. Exon, Id. at 150. If that were the situation in regard to LB 245, and the language therein was only a limitation upon the use of the appropriation, the Board of Regents could certainly refuse to make these expenditures, but if they did so, could not then use the money for other purposes.
In summation, it does not necessarily appear that LB 245 is improper under the holding of Board of Regents v.Exon, but, rather, the existing language of the bill makes it unconstitutional under Article III, Section 14, of the Nebraska Constitution because of the apparent attempt to place language directing and controlling the actions of an executive agency of the government, here the Board of Regents, in an appropriations bill.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General